[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11796

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TENZIN ORGIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20018-KMW-1

_____

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Tenzin Orgil appeals his 168-month total sentence for conspiracy to distribute fentanyl, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), conspiracy to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), and conspiracy to commit money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), (h). On appeal, he challenges several rulings the district court made at sentencing. The government moves to dismiss Orgil's appeal, arguing that he knowingly and voluntarily waived his right to appeal his sentence. After careful review, we agree with the government and dismiss Orgil's appeal.

"We review the validity and scope of an appeal waiver *de novo*." *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022); *see also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Generally, if a defendant knowingly and voluntarily makes a sentence appeal waiver, the waiver is enforceable. *King*, 41 F.4th at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (explaining that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to

the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352–53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Orgil was originally charged with five counts: conspiracy to distribute fentanyl, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), ("Count One"); distribution of fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count Two"); conspiracy to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii) ("Count Three"); distribution of 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) ("Count Four"); and conspiracy to commit money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), (h) ("Count Five"). Orgil and the government entered into a plea agreement, however, where, among other things, he pled guilty to Counts One, Three, and Five, and the government dismissed Counts Two and Four. The agreement also provided that the government would make certain recommendations to the district court regarding the Sentencing Guidelines and consider moving for a downward departure.

The plea agreement also contained an appeal waiver provision, which read:

> The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum penalty permitted by statute or is the result of an upward departure and/or variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

Orgil, his counsel, and the government each signed the plea agreement.

At a change-of-plea hearing, the district court placed Orgil under oath and asked him if he understood that he could be subject to prosecution for perjury or for making a false statement if he did not testify truthfully, and Orgil stated that he understood. Orgil told the court that he was 24 years old, had completed 3 years of study at university, and had not consumed any intoxicants in the previous 24 hours. He also explained that he had been diagnosed with autism spectrum disorder in the past, but did not take medication for the condition and was not under medical supervision or care for any issues. Orgil's attorney stated that, in his opinion, Orgil was competent to proceed with the plea hearing.

Later in the hearing, Origil confirmed that he had signed the plea agreement and that he had read and reviewed it. The court also asked whether he had "thoroughly read and review[ed] it with [his] attorney as well," and Orgil confirmed he had done so and had no questions about the terms. The court summarized many of the key provisions of the plea agreement, including the appeal waiver. The court explained that, "as to this negotiated resolution," Orgil was "giving up the right to appeal [his] sentence to a higher reviewing court," but there were "some circumstances where [he] may appeal." First, the district court explained that Orgil could appeal if the court "impose[d] an illegal sentence," meaning a sentence in excess of the statutory maximum. Second, it explained that Orgil could also appeal if the court imposed a sentenced above the guidelines range. It added that the government retained its right to

6                 Opinion of the Court               24-11796

appeal either way.[1]  The court then asked Orgil if he understood the appeal waiver provision, and Orgil confirmed that he did.  At the conclusion of the hearing, the district court accepted his plea, concluding that Orgil understood the charges against him and the consequences of his guilty plea, was "competent and capable of entering an informed plea," and was pleading guilty freely and voluntarily.

Under these circumstances, we are satisfied both that "the district court specifically questioned" Orgil "concerning the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to" Orgil "that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352–53).  Therefore, because Orgil knowingly and voluntarily entered into the appeal waiver, the waiver is enforceable.

Orgil argues that his mental health diagnoses make it "questionable if he truly understood the questions" the district court asked him and "truly understood" what the appeal waiver meant. We have reviewed the evidence in the record and recognize that Orgil suffers from relative weaknesses in verbal comprehension, processes information in a narrow manner, and has difficulty integrating information.  He has also been diagnosed with autism and

---

[1] The district court failed to note that, if the government appealed, Orgil would be released from his waiver under the terms of the plea agreement. Still, this slight omission in the colloquy does not render the appeal waiver unenforceable. *See Boyd*, 975 F.3d at 1192.

PTSD.  Even still, the evidence in the record shows that the district court did not err in concluding Orgil was competent to proceed with the plea and that he knowingly and voluntarily waived his right to appeal.  First, Orgil stated under oath that he understood the terms of the appeal waiver, and he explicitly confirmed he had read and discussed the entire agreement with his attorney.  There is a strong presumption that Orgil was telling the truth when he confirmed this.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014).  Second, Orgil's attorney confirmed that he believed Orgil was competent to plead guilty and, after engaging in a thorough colloquy with Orgil, the district court came to the same conclusion.  Finally, the evidence submitted by Orgil regarding his diagnoses does not show that he was incapable of making a "cogent decision," as the district court found during the plea colloquy.  *See United States v. Dixon*, 901 F.3d 1322, 1342 (11th Cir. 2018) (enforcing an appellate waiver where defendant argued "cognitive deficits" prevented the waiver's enforceability); *see also Perkins v. United States*, 73 F.4th 866, 876 (11th Cir. 2023) ("'Not every manifestation of mental illness demonstrates' that [a] defendant is incompetent; 'rather the evidence must indicate a present inability to assist counsel or understand the charges' at the time of the relevant proceeding . . . . Likewise, neither low intelligence nor mental deficiency can be equated with mental incompetence." (quoting *Battle v. United States*, 419 F.3d 1292, 1299–1300 (11th Cir. 2005))).

Orgil's challenges on appeal fall within the scope of his waiver and none of the waiver exceptions are implicated.  First, Orgil's 168-month sentence falls below the guidelines

imprisonment range of life imprisonment calculated by the district court.  That sentence was also below the life imprisonment statutory maximum.  In addition, the government has not appealed Orgil's sentence, which would have released him from his waiver.  Orgil also argues that we should not hold him to his appeal waiver because to do so would constitute a miscarriage of justice.  However, no extraordinary circumstances support Orgil's request that we not enforce his appeal waiver.[2]

For these reasons, we conclude that Orgil knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver.  Accordingly, we **GRANT** the government's motion to dismiss.  *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**

---

[2] We have discussed the possibility of certain miscarriage of justice exceptions to appeal waivers, but have not, to date, applied such an exception.  *See Bushert*, 997 F.2d at 1350 n.18; *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999); *King*, 41 F.4th at 1367–68 & n.3.  As these prior panels have done, we assume without deciding the availability of such an exception and conclude that it would be unwarranted on these facts.